UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Luis A. Rojas Hernandez,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Joe Paget,<br><br>　　　　　Respondent. | Case No. 16-cv-02537(DWF/HB)<br><br>**REPORT AND RECOMMENDATION** |

Luis A. Rojas Hernandez, Ramsey County ADC, 425 Grove Street, Saint Paul, MN 55101, pro se

Ana H. Voss and D. Gerald Wilhelm, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for the United States of America

HILDY BOWBEER, United States Magistrate Judge

　　Petitioner Luis A. Rojas Hernandez is a pretrial detainee awaiting criminal proceedings in state court. (Pet. at 1 [Doc. No. 1].) He alleges that he is being held unlawfully in immigration detention on orders by U.S. Immigration and Customs Enforcement ("ICE"). (Pet. at 1-2.)[1] Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[2] asking this Court to (1) release him from the alleged ICE hold and (2) grant him United States citizenship. (Pet. at 8.)

---

[1] The Court cites to the page numbers assigned by CM/ECF rather than the page numbers printed on the petition.

[2] As a state pretrial detainee, Petitioner is not being held in state custody pursuant to a state court judgment, and thus, his federal habeas petition is not governed by 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(a).

The petition has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that the petition be dismissed without prejudice.

I.  **Background**

Petitioner filed his petition on July 27, 2016, alleging he is being detained unlawfully at the Ramsey County Law Enforcement Center, both as a pretrial detainee and on an immigration charge. (Pet. at 1.) He attributes the unlawful detention to an ICE detainer. (Pet. at 2.) He contends he was taken into ICE custody in April 2014 and ordered removed on May 5, 2014. (Pet. at 5.) Petitioner did not provide a copy of the alleged removal order. Petitioner has not sought any administrative remedies "because this is an immigration matter." (Pet. at 2-3.) Petitioner further alleges he has resided in the United States for twenty years and has numerous family members who are United States citizens. (Pet. at 6-7.) Petitioner claims he is "a legally registered to vote citizen of the United States," and he attached a voter registration card in the name of "Luis Alberto Rojas." (Pet. at 8 & Ex. 1.)

The United States filed a response to the petition on September 1, 2016. [Doc. No. 5.] The named Respondent is Joe Paget, whom the United States asserts is a Ramsey County employee. (U.S. Response to Pet. at 1 n.1 [Doc. No. 5].) The United States filed a response to the petition because Petitioner's allegations and requested relief primarily involve and implicate ICE. Paget did not file a response.

In support of its response to the petition, the United States submitted documentation showing that Petitioner entered the United States on or about December 1, 1996, without inspection by an immigration officer at a designated point of entry. (Voss Decl. Ex. 1 at 16 [Doc. No. 8].) Petitioner is a suspected citizen of Mexico. (Voss Decl. Ex. 1 at 11.)

Contrary to Petitioner's allegations in the petition, Petitioner is not being held as a pre-removal detainee on orders by ICE. (*See* Voss Decl. Ex. 1 at 2-6.) He is currently detained at the Ramsey County Law Enforcement Center on a felony charge of first-degree drug possession. (Voss Decl. Ex. 1 at 3.) His case is set for trial on January 9, 2017. *See* Register of Actions, *Minnesota v. Rojas-Hernandez*, Case No. 62-CR-16-1759 (Ramsey Cty. filed Mar. 9, 2016). Petitioner has previous convictions of fifth-degree assault and felony check forgery. (Voss Decl. Ex. 1 at 5, 7, 9, 16-17.)

On February 12, 2016, ICE sent a "Request for Voluntary Notification of Release of Suspected Priority Alien" ("Request for Notification") to Ramsey County, asking to be notified if and when Petitioner is released from state custody. (Voss Decl. Ex. 1 at 2.) The Request for Notification was issued because ICE suspects that Petitioner may be a removable alien in light of his previous felony conviction. (*Id.*)

Petitioner was briefly taken into ICE custody on March 12, 2014, when he was arrested on the check forgery charge. (Voss Decl. Ex. 1 at 13, 16.) He was initially placed into removal proceedings, but was released on recognizance the same day. (Voss

3

Decl. Ex. 1 at 10-14.)

## II. Discussion

### A. The Request for Notification Did Not Establish Federal Custody

To the extent Petitioner is seeking relief from the Request for Notification pursuant to § 2241(c)(1), it is well-established that an immigration detainer does not establish federal custody for habeas corpus purposes. *E.g.*, *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988); *see Perez-Ramirez v. Lindemann*, 20 F. App'x 568, 568 (8th Cir. 2001); *Richards v. Holder,* No. 10-cv-4128 (ADM/JJK), 2011 WL 1302263, at *2 (D. Minn. Apr. 6, 2011) (stating "it has been settled law in the Eighth Circuit for over twenty years that an immigration detainer filed with state prison authorities is not equivalent to federal custody for habeas corpus purposes"); *Escobar v. Holder*, No. 09-3717 (PAM/JJK), 2010 WL 1389606, at *2 (D. Minn. Mar. 31, 2010).

The Request for Notification simply informed Ramsey County authorities that Petitioner is suspected of being a removable alien, and it did not affect Petitioner's status as a state pretrial detainee. The Request for Notification did not place Petitioner in ICE custody or otherwise establish federal custody. Unless and until Petitioner is taken into ICE custody, he may not challenge the Request for Notification by way of § 2241. Should Petitioner ever be subject to an order of removal, he will have an opportunity for judicial review of that decision. *See* 8 U.S.C. § 1252.

### B. The Petition Does Not Provide an Avenue to Citizenship

Petitioner asks this Court to grant him United States citizenship. A federal district court may determine United States citizenship under very limited circumstances, such as when the United States Citizens and Immigration Service ("USCIS") fails to render a decision on an application for naturalization within the statutory timeframe, *see* 8 U.S.C. § 1447(b), or when an application for naturalization has been denied by USCIS and the applicant has exhausted all administrative remedies, *see* 8 C.F.R. § 336.9(b).

There is no record that Petitioner ever applied for naturalization, though he did file an I-485 Application to Register Permanent Residence or Adjust Status. That application was denied on August 28, 2006. (Voss Decl. Ex. 1 at 17.) The I-485 application is not an application for naturalization, however, and therefore does not provide an avenue for relief under 8 U.S.C. § 1447(b) or 8 C.F.R. § 336.9(b).

### C. Petitioner Has Not Exhausted Available Remedies for Any Other Aspect of His Pretrial Detention

To the extent Petitioner is challenging any other aspect of his state pretrial detention through § 2241, he has not fairly presented any such claim to the state courts. "Section 2241 has been recognized as a potential source of habeas review for state pretrial detainees." *Moore v. United States*, 875 F. Supp. 620, 622 (D. Neb. 1994) (citations omitted). Before obtaining habeas relief, however, the petitioner must not only be in custody but also have exhausted his state remedies. *Id.* (citations omitted); *accord Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) ("Despite the absence of an

5

exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."); *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) ("In the interests of comity between federal and state courts, the doctrine of exhaustion of state remedies has developed. It applies to pre-trial, as well as post-trial, habeas corpus petitions.").

Petitioner has not challenged any aspect of his pretrial detention through any means available to him in state court. Unless and until Petitioner exhausts all available remedies before the state courts, this Court should not intercede to answer legal questions likely to be decided in those proceedings.

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Luis A. Rojas Hernandez's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1] be **DISMISSED WITHOUT PREJUDICE**.

Dated: November 10, 2016    s/ *Hildy Bowbeer*
                                                HILDY BOWBEER
                                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.